# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

   **v.**             **Criminal Action No. 2:12cr8**

**LARRY ALLEN THOMPSON,**

  **Defendant.**

## OPINION/REPORT AND RECOMMENDATION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Larry Allen Thompson, in person and by counsel, L. Richard Walker, appeared before me on April 20, 2012. The Government appeared by David Perri, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of an Information. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then advised that the agreement as summarized by the AUSA was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was

signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Larry Allen Thompson, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned reviewed with Defendant the One Information, including the elements the United States would have to prove at trial, charging him with possession of child pornography, in violation of Title 18, United States Code, section 2252A(a)(5)(B).

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. Defendant then verbally acknowledged his understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The Court confirmed the Defendant had received and reviewed the Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an

individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to five (5) years up to a lifetime of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One Count Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

Defendant also understood that his specific sentence, if the plea was accepted by the District Judge, would be imprisonment for a term of 78 months, followed by 15 years of supervised release.

Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated terms, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether he accepted his plea agreement; if he advised him he was rejecting the plea agreement, he would then give him the opportunity to withdraw his guilty plea; and if he did not withdraw the plea, the District Judge would proceed to sentence him within the statutory maximum on his plea.

Defendant also understood and voluntarily abandoned all right, title, interest, and claim to all the computer equipment and computer-related accessories seized in connection with the investigation.

Defendant also understood he may be required to register as a sex offender under the Sex Offender Registration and Notification Act, and to keep such registration current in certain jurisdictions, and that failure to do so if required could subject him to further prosecution.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on March 14, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct: Did you and Mr. Walker discuss that you have a right to appeal any conviction and any sentence to the Fourth Circuit Court of Appeals within 14 days of the Judge's oral announcement of a sentence?

Def: Yes, sir.

Ct: Did you also understand from your discussions with Mr. Walker that you have an opportunity to file a motion collaterally attacking or challenging that sentence and how that sentence is being imposed using what is commonly called a writ of habeas corpus-type motion filed under Title 28 USC section 2255? Do you understand that?

Def: Yes, sir.

Ct: Do you understand that under your written plea agreement if the Judge accepts the plea agreement, and if the Judge imposes a binding sentence, then you give up your right to directly appeal your conviction and any sentence that is imposed by the United States District Judge – any binding sentence– to the 4th Circuit Court of Appeals?

Def: Yes, sir.

Ct: In other words, you're absolutely giving up the right under that condition.

Def: Yes, sir.

Ct: Furthermore, you're giving up your right to collaterally attack or challenge that sentence using habeas. You understand that, sir?

Def: Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the written plea bargain agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Larry Allen Thompson, with the consent of his counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the Information.

The Court then heard the testimony of Government witness Sgt. Daniel Swiger of the West Virginia State Police, who testified he is assigned to the Crimes Against Children Unit and the Internet Crimes against Children Task Force. He has training in computer crime investigation and is licensed as an undercover peer- to- peer investigator. He has investigated child pornography for 4-5 years. He was involved in the investigation of Defendant.

In October 2010, Sgt. Swiger began working undercover using a peer-to-peer telenetwork to investigated the exchange of child pornography. He identified an IP address believed to be offering child pornography. The IP address was determined to be in the Northern District of West Virginia. Sgt. Swiger was able to directly connect with the computer at the IP address. He downloaded 23 titles that strongly suggested child pornography. He then downloaded 23 images and viewed them. The images included minors engaged in explicit sexual activity.

Sgt. Swiger requested a subpoena to identify the subscriber with that IP address at the particular state and time he found the images. Pursuant to the subpoena, the subscriber was identified as Defendant, living in Lewis County, within the Northern District of West Virginia. Sgt. Swiger physically located the residence and determined that Defendant still lived there. He obtained a search warrant on November 30, 2010.

On December 2, 2010, Sgt. Swiger and State Police Cpl. Carpenter went to the residence and executed the search warrant. They seized a computer and two external hard drives as well as a memory stick for a camera. Defendant and his wife lived at the residence. Defendant said his wife used the computer, but was not knowledgeable about downloading images, and that he had been the

person who downloaded the images. He said he did so inadvertently, and when he saw they were child pornography, deleted them. The forensic analysis of the computer and hard drives, however, showed they contained thousands of images of child pornography. Certain search terms were also found on the computer that were commonly known as search terms to locate child pornography.

The forensic analysis also revealed "cut-and'-paste" images and surreptitious video. Defendant was interviewed again after the search, and admitted he used the search terms to look for child pornography and downloaded and did not delete images of child pornography. Sgt. Swiger reviewed the images and determined they were of "true children." Some images were known child victims in images that were known to have traveled in interstate commerce.

On cross examination, Sgt. Swiger testified Defendant had taken candid-type photographs of his own young teen step-daughters. They were not posed pictures, and the girls were clothed. The photos, however, included close-up "crotch shots" (clothed, but some in underwear). Defendant then cut and pasted naked photos of himself into those photos to look as if he and the stepdaughter were having sexual contact.[1] Sgt. Swiger interviewed the girls and their mother, and all said there had been no actual contact between the girls and Defendant. In fact, the girls were "fond of" Defendant. They would all agree to Defendant remaining at the residence pending further proceedings in this matter. Sgt. Swiger testified Child Protective Services investigated and did not report finding abuse. Sgt. Swiger testified that the cut-and-paste images did not appear to have been shared by Defendant on the internet.

Defendant testified that he heard, understood, and agreed with Sgt. Swiger's testimony. The undersigned United States Magistrate Judge concludes the offense charged in the Information is

---

[1] The undersigned did not include the testified to details of the photo shopped pictures so as to not victimize the step-daughters.

supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of Sgt. Swiger.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant made a knowing and voluntary plea of guilty to the One-Count Information; Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence as well as the binding sentence; Defendant understood the written plea agreement, including the right of the District Judge to reserve any decision whether to go along with the binding sentence of 78 months and supervised release of 15 years; and Defendant's plea is independently supported by the testimony of Sgt. Swiger, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained in the One-Count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report and that the defendant be adjudged guilty on said charge as contained in the One-Count Information and have sentence imposed accordingly. The undersigned makes no recommendation as to accepting or not accepting the binding terms of the agreement.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

At the conclusion of the Rule 11 proceeding, the undersigned inquired of the United States as to whether they were moving to detain the Defendant. The assistant United States Attorney stated he did not object to release on conditions, including permitting Defendant to reside in the same home as his wife and step-daughters whose pictures Defendant photo shopped. While the undersigned released Defendant pursuant to an order setting conditions of release and 18 USC §3143(a) did not apply as Defendant had not been yet adjudicated guilty by the District Judge, the undersigned does not make a recommendation to the District Judge as to accepting or not accepting the undersigned's release on conditions.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 24th day of April, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

9